J-S34030-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES MICHAEL SWIFT | : | |
| | : | |
| Appellant | : | No. 860 WDA 2023 |

Appeal from the Judgment of Sentence Entered June 28, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0010274-2019

BEFORE: DUBOW, J., LANE, J., and STEVENS, P.J.E.[*]

CONCURRING STATEMENT BY DUBOW, J.:        **FILED: April 10, 2025**

I agree with the majority that Appellant's issues warrant no relief.  I write separately only to note that, notwithstanding the court's conclusion that Appellant forfeited his right to counsel, the court ultimately did not deprive Appellant of his Sixth Amendment right to the assistance of counsel.  The day after finding Appellant had forfeited his right to counsel, the court appointed Attorney Jeffrey Wasak as stand-by counsel who, contrary to Appellant's assertion, was available to provide "consultation and advice" to Appellant.  Pa.R.Crim.P. 121(D); **see, e.g., Lucarelli**, 971 A.2d at 1177 (applying the precept of standby counsel where defendant forfeited the right to counsel).  **See** N.T., 2/8/23, at 2.  The record reflects that Attorney Wasak participated in the hearing addressing Appellant's **pro se** pre-trial motions, including his

_____

[*] Former Justice specially assigned to the Superior Court.

Rule 600 motion, and was available to both Appellant and the court to provide assistance and consultation. ***See*** N.T., 2/8/23, at 2 (Attorney Wasak entering appearance as appointed stand-by counsel), 7 (Attorney Wasak indicating he was assisting with Appellant's bond modification issues), 27 (court telling Appellant to vet his arguments with Attorney Wasak to protect his defense rights), 33-34 (court encouraging Appellant to consult with Attorney Wasak for purposes of representation at trial). Moreover, stand-by counsel thereafter entered his appearance as "appointed counsel" for Appellant and represented him at trial.

Accordingly, notwithstanding the court's forfeiture of counsel finding, Appellant at all times had the assistance of counsel for consultation, advice and representation at trial.

President Judge Emeritus Stevens joins the concurring statement.